IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JOHN H. HAMILTON, JR.**, | : | |
| Petitioner, | : | |
| v. | : | Civ. Act. No. 04-1233-GMS |
| **RICHARD KEARNEY**, Warden, | : | |
| Respondent. | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondent states the following in response to the petition for a writ of habeas corpus:

The petitioner, John H. Hamilton, Jr., was arrested in June 2001 and subsequently charged with two misdemeanors: possession of cocaine and possession of drug paraphernalia. Hamilton entered the Superior Court Diversion Program in July 2001 and was terminated from the program in July 2002. After a stipulated trial, Hamilton was found guilty of the drug charges. He was immediately sentenced to two years of incarceration, suspended for one year at a Level IV residential substance abuse treatment program which, in turn, was suspended after successful completion for nine months of Level III aftercare.

On January 3, 2003, after a hearing, Hamilton was found to have violated the terms of his probation. Hamilton was immediately sentenced, as corrected, to a total of two years of incarceration, suspended after successful completion of the Level V Key Short Term Program for Level IV residential substance abuse treatment, suspended again after successful completion for twelve months at Level III aftercare. *See Hamilton v. State*, 2004 WL 1097703 (Del. May 12, 2004). Hamilton did not appeal his sentence or his violation. Between January 2003 and May

2003, Hamilton filed five *pro se* motions for modification of sentence. *See id*. at \*\*1 n.1. In July 2003, Hamilton applied *pro se* for state postconviction relief under Superior Court Criminal Rule 61, and Superior Court denied the motion on August 6, 2003. *In re Hamilton*, 2003 WL 22853662 (Del. Super. Ct. Aug. 6, 2003). Hamilton did not appeal. In August 2003, Hamilton filed his second motion for state postconviction relief which was denied by Superior Court as procedurally barred on September 5, 2003. *State v. Hamilton*, 2003 WL 22853684 (Del. Super. Ct. Sept. 5, 2003). On appeal, the Delaware Supreme Court affirmed the judgment of the Superior Court. *Hamilton*, 2004 WL 1097703 at \*\*2.

## Discussion

In his petition for federal habeas relief, Hamilton raises four grounds for relief: (1) failure to appoint counsel for his termination hearing from the diversion program, plea agreement, or for his violation of probation hearing; (2) violation of double jeopardy because Hamilton did not receive credit for time served at the residential treatment program; (3) denial of due process by requiring Hamilton to participate in the Key program; and (4) denial of protection from retaliation based on Hamilton's removal from the Key program after Hamilton filed a civil suit against the Department of Correction. D.I. 2 at 5-6. Hamilton's claims, however, are unavailing.

In the first instance, Hamilton's claim of retaliation does not provide a basis for relief in a federal habeas petition. Hamilton's assertion that he was removed from the Key program because he filed a civil suit against the Department of Correction is not a claim that that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Hamilton does not contest his conviction, merely his removal from the Key program.

Thus, this claim is not cognizable in federal habeas. Further, because Hamilton has completed his sentence for these convictions, the issue is moot.

Hamilton's claims concerning his entry and removal from the Key program and his claim that he did not receive credit for time spent at Level IV (claims 2-4) are all moot. In addition, his claim that he did not have appointed counsel at his violation of probation hearing is also moot. Hamilton has completed the sentences at issue in their entirety. *See* Affidavit of Ricky L. Porter Jr.[1] A habeas petition which urges only a release from confinement, but which does not challenge the underlying conviction, is rendered moot by a petitioner's release from prison. *See North Carolina v. Rice*, 404 U.S. 244, 248 (1971); *Chong v. District Director, INS*, 264 F.3d 378, 383-84 (3d Cir. 2001); *Witty v. Carroll*, 2005 WL 1189554 (D. Del. May 18, 2005). Pursuant to Article III, the power of federal courts extends only to ongoing cases and controversies. *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002); *Chong*, 264 F.3d at 383. A litigant has standing to pursue a case or controversy in federal court only if he "has suffered, or is threatened with, an actual injury traceable to the [respondent] that is likely to be redressed by a favorable decision." *Chong*, 264 at 384. If this "personal stake in the outcome" of a case does not continue throughout the litigation, the case becomes moot. *Spencer v. Kenna*, 523 U.S. 1, 7 (1998). Hamilton's claims concerning his placement and removal from the Key program, his failure to receive credit for time to which he was allegedly entitled, and the failure of the court to appoint an attorney at his probation violation hearing cannot be redressed because Hamilton's sentence expired during the course of these proceedings. *See, e.g., Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (petitioner who had completed his prison sentence and had been

---

[1] Respondent has attached an unsigned copy of this exhibit pending receipt of the original which will be filed accordingly.

deported could not benefit from a sentence reduction). Thus, Hamilton's claims concerning his violation of probation hearing and sentence are moot not for failure to satisfy the "in custody" requirement of 28 U.S.C. § 2254, but instead, because his sentence has expired, there is simply no relief which this Court can give him in a habeas proceeding. *See Witty*, 2005 WL 1189554 at *3; *see also Rice*, 404 U.S. at 248.

A petitioner who has been convicted and is incarcerated as a result of his conviction always has standing to challenge his incarceration. *Spencer*, 523 U.S. at 7. If, however, his sentence expires while the litigation is pending, he must demonstrate a "concrete and continuing injury" in order to maintain standing in federal court. *Id*. Where the petitioner does not attack his conviction, he must demonstrate continuing collateral consequences adequate to meet the injury requirement. *Id*. at 14; *Chong*, 264 F.3d at 384. Hamilton does not allege any continuing collateral consequences from his entry into and removal from the Key program. Further, because Hamilton has now completed his entire sentence, to receive credit for time served at Level IV (to which he was not entitled in any case), would serve no purpose at this point in time. Moreover, Hamilton's complaint that he did not have appointed counsel at his violation of probation hearing is no longer relevant. A finding of a probation violation does not subject Hamilton to any possible enhancement of future sentences. Accordingly, Hamilton's claims 2-4, and the portion of claim 1 referring to his probation hearing, should be summarily dismissed as moot.[2] *See generally Lane v. Williams*, 455 U.S. 624 (1982).

---

[2] Alternatively, Hamilton's claims of failure to appoint counsel for his violation of probation hearing, failure to receive credit for time served at Level IV, and placement into the Key program are all procedurally defaulted. The Delaware Supreme Court rejected these claims as repetitive and formerly adjudicated, and thus procedurally barred. *See Hamilton*, 2004 WL 1097703 at **2. A federal court may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause and prejudice or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Hamilton has not alleged cause for his

4

Hamilton's remaining claims, that he did not have appointed counsel during plea negotiations or at his stipulated trial, are also unavailing.  A state petitioner seeking federal habeas relief must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994).  In order to demonstrate that a claim has been exhausted in state court, a petitioner "must show that he presented each claim to the Delaware Supreme Court."  *Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993); *See also Picard*, 404 U.S. at 275; *Burkett v. Love*, 89 F.3d 135, 138 (3d Cir. 1996); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993).  Further, a petitioner must have raised in the state courts the legal and factual basis of the claims which he presents to the federal habeas court.  *See* 28 U.S.C. § 2254(b); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir.), *cert. denied*, 498 U.S. 811 (1990); *Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986).  Hamilton presented his claims of failure to appoint counsel to the state supreme court on appeal from the denial of his second postconviction motion, thus exhausting state remedies.  *See Smith v. Digmon*, 434 U.S. 332, 333-34 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984).  After finding that a petitioner has exhausted state remedies, however, this Court "must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction."  *Bond v. Fulcomer*, 864 F.2d 306, 310 (3d Cir. 1989).

As to his claims of failure to appoint counsel, Hamilton did not comply with state procedural requirements.  Hamilton presented these claims in his first state postconviction motion, but failed to appeal the denial of his claims to the state supreme court.  *See* State's

procedural default and cannot show a miscarriage of justice.  Thus these claims should be summarily dismissed.

Motion to Affirm in Del. Supr. Ct. No. 495, 2003 at Ex. G. Hamilton then presented the claims in his second state postconviction motion and in the ensuing appeal. *See* State's Motion to Affirm in Del. Supr. Ct. No. 495, 2003 at Ex. I. The Delaware Supreme Court thus found that because Hamilton's claims had been previously adjudicated by the trial court in his first postconviction proceeding the claims were repetitive and procedurally barred from review. *Hamilton*, 2004 WL 1097703 at **2; *see* DEL. SUPER. CT. CRIM. R. 61(i)(4); *Qualls v. Williams*, 2004 WL 2283595, *3 (D. Del. Sept. 29, 2004); *Smith v. Williams*, 2003 WL 22937773, *5 (D. Del. Sept. 30, 2003); *Dorman v. Brewington-Carr*, 2002 WL 393105, *4 (D. Del. Mar. 12, 2002); *Kennedy v. Kearney*, 1996 WL 534877, *2 (D. Del. Sept. 11, 1996). Thus, federal habeas review of Hamilton's claims is barred unless he establishes cause for his procedural default in the state courts and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir.) *cert. denied*, 504 U.S. 944 (1992); *Johnson v. Ellingsworth*, 783 F. Supp. 215, 218-21 (D. Del. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986). To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Hamilton has not alleged cause for his procedural default in the state courts, i.e., the failure to appeal the first postconviction decision, and thus the claim should be summarily rejected. Furthermore, Hamilton has failed to allege actual prejudice. Hamilton does not contend that he is innocent or that his plea was defective in some regard.

Hamilton was permitted an opportunity to avoid a conviction on his misdemeanor charges through participation in the drug diversion program. He does not allege that he was unaware of the consequences of failing to successfully complete the program, or that he should not have been terminated from the program. Thus, Hamilton, not having alleged either cause for his procedural default in the state courts or resulting prejudice, his claims of failure to have appointed counsel are procedurally defaulted and should be dismissed.

## Conclusion

Based upon the Superior Court docket sheet, it appears that a transcript of Hamilton's January 3, 2003 violation of probation hearing has been prepared. Court reporters are not present at diversion proceedings in the normal course of business, but usually are present for stipulated trials. Thus, it appears that Hamilton's stipulated trial was recorded, but not transcribed. In the event that the Court directs the production of any transcript, respondent cannot state with specificity when such transcript would be available. However, respondent reasonably anticipates that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date: July 19, 2005