Slip Copy
2005 WL 1189554 (D.Del.)
**(Cite as: 2005 WL 1189554 (D.Del.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Lawrence A. WITTY, Petitioner,
v.
Thomas L. CARROLL, Warden, Respondent.
**No. Civ. 03-969-SLR.**

May 18, 2005.

Lawrence A. Witty, petitioner, pro se.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for respondent.

MEMORANDUM OPINION

ROBINSON, Chief J.

I. INTRODUCTION

**\*1** Currently before the court is petitioner Lawrence A. Witty's application for a writ of habeas corpus pursuant to 28 U.S.C. § **2254**. (D.I.2.) Petitioner was in custody at the Delaware Correctional Center in Smyrna, Delaware when he filed his application. For the reasons that follow, the court will deny petitioner's application as moot.

II. FACTUAL AND PROCEDURAL BACKGROUND

On December 20, 2001, a Kent County Family Court judge found petitioner guilty of third degree assault, offensive touching, and two counts of criminal contempt of a domestic violence protective order. Witty appealed to the Delaware Superior Court. Del.Super. Ct.Crim. Dkt. Item 1, Case No. 011004377. Thereafter, on October 23, 2002, petitioner pled guilty in the Delaware Superior Court to a single count of criminal contempt of a domestic violence protective order, and the state *nolle prossed* the remaining charges. ("Conviction 1"); Del.Super. Ct.Crim. Dkt. Items 17, 18 Case No. 011004377. The Superior Court sentenced petitioner to one year imprisonment, suspended after time served, and two months of Level II supervision. *See* Del.Super. Ct.Crim. Dkt. Item 17, Case No. 011004377. The sentencing order specified that petitioner was to receive credit for time served between December 20, 2001 and October 23, 2002, in addition to nineteen days previously served. *Id.*

Prior to pleading guilty in Conviction 1, the Family Court found petitioner guilty of another criminal contempt of a domestic violence protective order charge. ("Conviction 2"); Del.Fam. Ct.Crim. Dkt. Item, Case No. 0112004851. On February 7, 2002, the Family Court sentenced him to twelve months of incarceration, suspended after fifteen days for twelve months of Level II probation. *State v. Witty,* Case No. 011200851, Sentence Order (Del.Fam.Ct. Feb. 7, 2002).

Two weeks later, petitioner pled guilty in the Family Court to a third criminal contempt charge, for which he received another twelve month jail sentence, suspended after thirty days for twelve months of Level III supervision. ("Conviction 3"); *State v. Witty,* Case No. 0112019080, Sentence Order (Del.Fam.Ct. Feb. 21, 2002).

In June 2002, petitioner pled guilty to his fourth criminal contempt offense and the Family Court immediately sentenced him to twelve months incarceration with no probation to follow. ("Conviction 4"); *State v. Witty,* Case No. 0204004452, Sentence Order (Del.Fam. Ct. June 27, 2002).

Beginning in March 2002, petitioner filed a series of motions in Family Court to modify his sentences. *See generally,* Del.Fam. Ct Crim. Dkts. in Case Nos. 0112004851, 0112019080, 0204004452. On June 6, 2002, the Family Court amended petitioner's sentence in Conviction 3, reducing the term of probation from twelve months to eleven months. *Witty,* Case No. 0112019080, Amended Sentence Order (Del.Fam. Ct. June 6, 2002). The rest of petitioner's motions were denied.

In September 2003, petitioner filed an application in the Family Court for a writ of habeas corpus. *See* Del.Fam. Ct.Crim. Dkt, Case No. 0204004452. Before the Family Court ruled on that application, petitioner filed in this court the instant request for federal habeas relief, dated October 14, 2003. (D.I. 2 at 7) He also filed a document titled

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
2005 WL 1189554 (D.Del.)  
**(Cite as: 2005 WL 1189554 (D.Del.))**

"Supporting Facts," reiterating the facts contained in his form application. (D.I.7)

**\*2** Subsequent to filing his federal habeas petition, the Delaware Family Court denied his application for a writ of habeas corpus. *Witty,* Case No. 0204004452, Commissioner's Disposition (Del.Fam.Ct. Oct. 16, 2003). Additionally, in response to a motion for correction of sentence, the Superior Court discharged any balance remaining on petitioner's sentence in Conviction 1 and ordered that he be credited with any good time to which he may be entitled. (D.I.7)

The State filed an answer to the instant application, asking the court to dismiss it as moot because petitioner is no longer incarcerated. Petitioner's application is ready for review.

III. DISCUSSION

Reading petitioner's application together with his "Supporting Facts," it appears that he asserts two grounds for federal habeas relief: [FN1] (1) the Department of Correction ignored the Superior Court's October 22, 2003 "Modified Sentence Order" requiring credit for "any good time to which he may be entitled." (D.I. 7 at ¶ 7); and (2) his sentence for Conviction 4 expired on October 1, 2003, thus, his continued detention past that date is illegal. (D.I. 2 at ¶ 12(A)).

> FN1. Although the instant application describes the sentences for Convictions 2 and 3, petitioner appears to include them as background information for his two claims, not as independent claims for federal habeas relief. For example, he states "due to the sentence imposed on October 2003 in case # 01104377 [Conviction 1], the illegal sentence imposed in cases # 0112004851 and 0112019080 [Convictions 2 and 3] the sentence imposed on June 27, [2002] became effective on October 1, 2002 and terminated on October 1, 2003, for case # 020404452 [Conviction 4]." (D.I.2)

The State asks the court to dismiss both claims as moot because petitioner has completely served all of his sentences and he is no longer incarcerated.

As a threshold matter, if petitioner's claims are moot, the court lacks jurisdiction to review his application. *North Carolina v. Rice,* 404 U.S. 244, 246 (1971) ("mootness is a jurisdictional question"); *Chong v. District Director, INS,* 264 F.3d 378, 383-84 (3d Cir.2001). Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank, Corp.,* 494 U.S. 472, 477-78 (1990); *United States v. Kissinger,* 309 F.3d 179, 180 (3d Cir.2002) (finding that an actual controversy must exist during all stages of litigation). When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. *Spencer v. Kemna,* 523 U.S. 1, 8 (1998); *see Steele v. Blackman,* 236 F.3d 130, 134 n. 4 (3d Cir.2001). However, when a petitioner does not attack his conviction, the injury requirement is not presumed. *Chong,* 264 F.3d at 384. "[O]nce a litigant is unconditionally released from criminal confinement, the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act," *Kissinger,* 309 F .3d at 181, "that is likely to be redressed by a favorable judicial decision." *Spencer,* 523 U.S. at 7.

The issue here is whether petitioner, who has already been released from his imprisonment, presents a live case or controversy. *See Spencer,* 523 U.S. at 7; *Chong,* 264 F.3d at 383-84. Petitioner's first claim contends that the Department of Correction failed to credit him with good time credit as ordered by the Superior Court in its October 22, 2003 Modified Sentence Order. It is unclear which sentence petitioner believes should have been credited. To the extent he believes that the October 22, 2003 Modified Sentence Order requires his sentence in Conviction 4 to be credited with any good time to which he may be entitled, he is wrong. The Modified Sentence Order only modifies the sentence in Conviction 1. [FN2] Thus, if this interpretation is the basis for his claim, it is meritless.

> FN2. The case number on the Modified Sentence

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Order is designated as 0111004377, and the criminal action number is K02-05-0839AF. These numbers refer to petitioner's first criminal contempt conviction, which the court refers to as Conviction 1. The order states:

Now, this 22nd day of October 2003, it is the order of the court that: the order dated October 23, 2002 is hereby modified as follows: ... Defendant is discharged as served ... The defendant shall be credited with any good time to which he may be entitled. (D .I. 14, *State v. Witty,* Modified Sentence Order, Case # 011100437, Crim. A. No. K02-05-0839AF (Del.Super.Ct. Oct. 23, 2003))

**\*3** To the extent petitioner correctly understands that the October 22, 2003 Modified Sentence Order pertains to his sentence in Conviction 1, and yet, his claim is that the Department of Correction did not credit him with any good time for Conviction 1, this claim is moot. First, the Superior Court actually acknowledged that the issue was probably already moot by stating in the October 22, 2003 order that "it appears you have served substantially all of the one year at Level V originally imposed, if not all." (D.I.14) (emphasis added). Second, even if the claim was not moot prior to the Superior Court's order, it became moot once the court issued its order because the order clearly discharges any balance remaining on the sentence in Conviction 1. In other words, the Superior Court's Modified Sentence granted the instant relief requested by petitioner. Consequently, if this interpretation of petitioner's first claim is correct, then the claim is moot. *Weber v. Young,* Civ. Act. No. 88-683-JLL, Rept. & Rec. at 5-6 (D.Del. July 23, 1990); *see also North Carolina v. Rice,* 404 U.S. 244, 248 (1971).

Petitioner's second claim contends that his release date should have been October 1, 2003, and that the Department of Correction illegally held him past that date. [FN3] (D.I. 2; D.I. 14, *In Re Laurence Witty,* No. 0204004452/Writ of Habeas Corpus, Order, Comm. Blades, Jr. (Del.Fam.Ct. Oct. 17, 2003)). Petitioner challenges the calculation of credit for the sentence in Conviction 4; he does not challenge the legality of his underlying conviction.

> FN3. Petitioner raised this claim in his petition for the writ of habeas corpus filed in the Delaware Family Court. The Family Court's order denying the writ states, in pertinent part:
> The basis for this petition is that Mr. Witty received a status report from the Department of Correction during the summer of 2003 indicating that his max out date was October 8, 2003. However, Mr. Witty subsequently received a status sheet reflecting that his max out date to be November 7, 2003. The Department of Correction apparently made this correction to their status sheet after review of Mr. Witty's various charges ... Based upon all of the information before the Court, the Court is convinced that at this time that the Department of Correction has calculated Mr. Witty's good time correctly and that his current release date is November 7, 2003. As such, Mr. Witty's Petitioner for Writ of Habeas Corpus is hereby denied.
> (D.I. 16, *In re Laurence Witty,* No. 0204004452/Writ of Habeas Corpus, Order, Comm. Lester H. Blades, Jr. (Del.Fam.Ct. Oct. 16, 2003)

The record reveals that petitioner was released in early November 2003, approximately fifteen days after filing the instant application. [FN4] The sentence for Conviction Four did not include a probationary term, thus, all of his sentences were completed upon his **release** in November 2003. In short, petitioner has already obtained the requested relief and the basis for his habeas application no longer exists. *See, e.g., Lovett v. Carroll,* 2002 WL 1461730, at \*2 (D. Del. June 27, 2002) (habeas petition challenging legality of execution of sentence dismissed as **moot** where petitioner was placed in boot camp soon after filing petition).

> FN4. The court's docket reveals that, on November 4, 2003, a mere fifteen days after filing the instant application, petitioner provided a new address in New York for the receipt of his legal correspondence. (D.I.4) The docket also contains a notation that mail addressed to petitioner at the Delaware Correctional Center was returned as undeliverable. (D.I.5) Petitioner subsequently

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

mailed a document titled "Supporting Facts" in an envelope postmarked November 20, 2003 from the Bronx, New York. (D.I.7)

Further, petitioner has not alleged, and the court cannot discern, any continuing collateral consequences stemming from his delayed **release** that can be redressed by a favorable judicial decision in this federal habeas proceeding. *See Lane v. Williams,* 455 U.S. 624, 631, 633 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is **moot**; ... [t]hrough the mere passage of time, respondents have obtained all the relief that they sought ... no live controversy remains); *Harris v. Williams,* 2002 WL 1315453, at *2 (D. Del. June 14, 2002). By failing to demonstrate continuing collateral consequences, petitioner has failed to satisfy Article III's case-and-controversy requirement.

**\*4** Accordingly, the court will dismiss the entire application as moot. [FN5]

> FN5. The State also argues that claim one is procedurally barred due to petitioner's procedural default of the claim at the State court level. (D.I. 12 at 4 n. 2) The determination that the court lacks jurisdiction to review the claim renders this analysis unnecessary.

IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § **2254** petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The court concludes that petitioner's § **2254** application is moot. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

V. CONCLUSION

For the reasons stated, petitioner's request for habeas relief filed pursuant to 28 U.S.C. § **2254** is denied. An appropriate order will issue.

ORDER

At Wilmington this 18th day of May, 2005, consistent with the memorandum opinion issued this same day;

IT IS HEREBY ORDERED that:

1. Petitioner Lawrence A. Witty's application for a writ of habeas corpus pursuant to 28 U.S.C. § **2254** is DISMISSED, and the relief requested therein is DENIED. (D.I.2)

2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

2005 WL 1189554 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:03CV00969 (Docket) (Oct. 20, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.