Not Reported in F.Supp.2d    Page 1
2002 WL 393105 (D.Del.)
**(Cite as: 2002 WL 393105 (D.Del.))**

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
Omar Devar DORMAN, Petitioner,
v.
Sherese BREWINGTON-CARR, Warden, Multi-Purpose Criminal Justice Facility, and
M. Jane Brady, Attorney General of the State of Delaware, Respondents.
**No. CIV.A.98-223-SLR.**

March 12, 2002.

Omar Devar Dorman, Seaford, Delaware. Petitioner, pro se.

Loren C. Meyers, Esquire, Chief of Appeals Division, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

MEMORANDUM OPINION

ROBINSON, Chief J.

I. INTRODUCTION

**\*1** Petitioner Omar Devar Dorman is a former inmate at the Multi-Purpose Criminal Justice Facility in Wilmington, Delaware. Currently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the court concludes that some of petitioner's claims are not cognizable on federal habeas review, and that his cognizable claims are procedurally barred from federal habeas review. Accordingly, the court will dismiss his petition without reaching the merits of his claims.

II. BACKGROUND

On February 3, 1997, a grand jury in the Delaware Superior Court charged petitioner with thirty-three counts of third degree burglary, theft, and criminal mischief. (D.I.12, Indictment.) Petitioner appeared before the Superior Court (Barron, J.) on April 3, 1997, and pleaded guilty to four counts of third degree burglary and two counts of theft. [FN1] (*Id.,* Plea Agreement.) On May 30, 1997, the Superior Court (Carpenter, J.) sentenced petitioner to five years and nine months imprisonment to be suspended after one year for decreasing levels of supervision. (*Id.,* Sentencing Order.) The Superior Court subsequently denied each of petitioner's three motions for reduction of sentence. Petitioner did not appeal to the Delaware Supreme Court.

> FN1. The prosecution entered a *nolle prosequi* on the remaining charges.

On June 22, 1998, petitioner filed in the Superior Court a motion for postconviction relief pursuant to Rule 61 of the Superior Court Rules of Criminal Procedure. (D.I. 12, Motion for Postconviction Relief.) The Superior Court denied the motion on the merits on September 10, 1998. *State v. Dorman,* 1998 WL 960780 (Del.Super.Ct. Sept. 10, 1998). Petitioner did not appeal to the Delaware Supreme Court.

In the meantime, on February 10, 1998, this court received from petitioner what appeared to be a complaint pursuant to 42 U.S.C. § 1983. (D.I.2.) Before paying the partial filing fee, petitioner asked the court if he could refile his complaint as a petition for a writ of habeas corpus, and submitted a separate application for habeas relief. (D.I.6.) On January 29, 1999, the court dismissed petitioner's § 1983 complaint without prejudice, and ordered service of his habeas petition on the proper respondents. (D.I.8.)

Petitioner's application for federal habeas relief is now before the court. The respondents ask the court to deny it on the grounds that some claims presented in the petition are not cognizable on federal habeas review, and that the remaining claims are procedurally barred from federal habeas review.

III. EXHAUSTION AND PROCEDURAL DEFAULT

Pursuant to the federal habeas statute:
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

**\*2** 28 U.S.C. § 2254(b)(1). Grounded on principles of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 2
2002 WL 393105 (D.Del.)
**(Cite as: 2002 WL 393105 (D.Del.))**

comity, the requirement of exhaustion of state court remedies ensures that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000), *cert. denied,* 532 U.S. 980 (2001).

To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). Although a state prisoner need not "invoke extraordinary remedies" to satisfy exhaustion, he must fairly present each of his claims to the state courts. *Id.* at 844-45. A claim has not been fairly presented unless it was presented "at all levels of state court adjudication." *Cristin v.. Brennan,* ___ F.3d ___, No. 00-1541, 2002 WL 276093, *4 (3d Cir. Feb. 27, 2002).

If a claim has not been fairly presented to the state courts, but further review in the state courts is barred by an independent and adequate state procedural rule, the exhaustion requirement is satisfied because further state court review is unavailable. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir.2000), *cert. denied,* 531 U.S. 1082 (2001). Although technically exhausted, such claims are deemed procedurally defaulted. *Id.* Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Lines,* 208 F.3d at 160.

In order to demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner may establish cause, for example, by showing that the factual or legal basis for a claim was not reasonably available or that government officials interfered in a manner that made compliance impracticable. *Werts,* 228 F.3d at 193. Additionally, ineffective assistance of counsel constitutes cause, but only if it is an independent constitutional violation. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000). In addition to cause, a petitioner must establish actual prejudice, which requires him to show "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray,* 477 U.S. at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards,* 529 U.S. at 451; *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). The miscarriage of justice exception applies only in extraordinary cases "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. To establish actual innocence, a petitioner must prove that it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo,* 513 U.S. 298, 326 (1995); *Werts,* 228 F.3d at 193.

IV. DISCUSSION

***3** In his application for habeas relief, petitioner articulates the following claims:
   (1) His sentence exceeded the state's Truth-In-Sentencing Guidelines.
   (2) The deputy attorney general made slanderous and improper remarks at the sentencing hearing.
   (3) His guilty plea was involuntary because he did not understand the charges or the consequences of his plea.
   (4) Counsel rendered ineffective assistance.
   (5) He was denied his right to due process because: (a) the judge who sentenced him was not the same judge who accepted his guilty plea; and (b) his juvenile record was used at sentencing.
   (6) He should be released from custody because he respects authority, follows the rules, is not dangerous, and is responsible and trustworthy.
   (7) He should be released from custody to care for his children, return to employment, and receive rehabilitation and counseling.
(D.I. 6, Petition at 8-9.) As explained below, the court agrees with the respondents that some of petitioner's claims are not cognizable in this proceeding. The court also agrees that his remaining cognizable claims are procedurally barred from federal habeas review.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 3
2002 WL 393105 (D.Del.)
**(Cite as: 2002 WL 393105 (D.Del.))**

A. Claims Not Cognizable on Federal Habeas Review

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review. *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Riley v. Harris,* 277 F.3d 261, 310 n. 8 (3d Cir.2001); *Sullivan v. State,* Civ. A. No. 96-281-SLR, 1998 WL 231264, *20 (D.Del. Apr. 30, 1998), *aff'd,* 187 F.3d 626 (3d Cir.1999).

Petitioner's claim of a sentencing error, claim 1, falls outside the scope of federal habeas review. Whether the Superior Court sentenced petitioner in accordance with Delaware's Truth-In-Sentencing Guidelines is a question of state law. Any error of state law that may have occurred in sentencing is not cognizable in federal habeas proceedings. *Jones v. Sup't of Rahway State Prison,* 725 F.2d 40, 43 (3d Cir.1984).

Additionally, petitioner's claims 6 and 7 are not cognizable on federal habeas review. While petitioner's accomplishments and aspirations are admirable, they simply do not provide a basis for federal habeas relief.

In short, petitioner's claims 1, 6, and 7 are not cognizable on federal habeas review. This court, therefore, cannot consider the merits of these claims. [FN2]

> FN2. Because these claims are not cognizable, the court need not consider whether they are exhausted. *See Tillett v. Freeman,* 868 F.2d 106, 108 (3d Cir.1989)(holding that district court erred by dismissing petition for failure to exhaust non-cognizable state law claim).

B. Procedurally Barred Claims

The respondents assert that petitioner has procedurally defaulted his cognizable claims by failing to present them properly to the state courts. A review of the state court record confirms that petitioner presented each of his cognizable claims, except claim 5(a), to the Superior Court in his Rule 61 motion. Because petitioner did not appeal from the Superior Court's order denying his Rule 61 motion, he failed to fairly present any of his cognizable claims to the Delaware Supreme Court. He also failed to fairly present his due process claim 5(a) to any state court. If each of petitioner's claims is procedurally defaulted, federal habeas review is unavailable absent a showing of either cause and prejudice, or a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750; *Lines,* 208 F.3d at 160.

**\*4** Plainly, petitioner cannot present any of his claims to the Delaware Supreme Court by appealing from the order denying his Rule 61 motion. A notice of appeal must be filed within thirty days after entry of an order denying postconviction relief. *See* Del. R.S.Ct. 6(a)(iii). Failure to file a notice of appeal within the thirty-day time limit deprives the Delaware Supreme Court of jurisdiction to hear the appeal. *See Carr v. State,* 554 A.2d 778, 779 (Del.1989). The Superior Court denied petitioner's Rule 61 motion three and one-half years ago. Without a doubt, the Delaware Supreme Court would dismiss an appeal filed at this late date for lack of jurisdiction.

Respecting petitioner's claim 5(a), which was not presented in his first Rule 61 motion, this claim is procedurally barred by Rule 61(i)(2):

> Repetitive Motion. Any ground for relief that was not asserted in a prior postconviction proceeding, as required by subdivision (b)(2) of this rule, is thereafter barred, unless consideration of the claim is warranted in the interest of justice.

Super. Ct. R.Crim. P. 61(i)(2). In Delaware, a petitioner must present each of his grounds for relief in his initial Rule 61 motion.Super. Ct. R.Crim. P. 61(b)(2); *Robinson v. State,* 562 A.2d 1184, 1185 (Del.1989). Delaware courts will not consider any claim that was not asserted in an initial Rule 61 motion unless warranted in the interest of justice. *Maxion v. State,* 686 A.2d 148, 150 (Del.1996). In order to satisfy the interest of justice exception, a petitioner must show that "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish" him. *Woods v. State,* No. 259, 1997, 1997 WL 425492 (Del. July 18, 1997)(citing *Flamer v. State,* 585 A.2d 736, 746 (Del.1990)). In the matter at hand, the record is devoid of any such subsequent legal developments. Accordingly, further state court review of petitioner's claim 5(a) is clearly

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 4
2002 WL 393105 (D.Del.)
**(Cite as: 2002 WL 393105 (D.Del.))**

foreclosed by Rule 61(i)(2).

Petitioner's remaining cognizable claims, which were denied on the merits in his first Rule 61 motion, are procedurally barred by Rule 61(i)(4):

> Former Adjudication. Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.

Super. Ct. R.Crim. P. 61(i)(4). Reconsideration is warranted in the interest of justice where "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish the accused." *Cruz v. State,* No. 446, 1995, 1996 WL 21060 (Del. Jan. 10, 1996)(quoting *Flamer,* 585 A.2d at 746). Again, the record reveals no such subsequent legal developments. Further state court review of these claims is clearly foreclosed by Rule 61(i)(4).

Because petitioner has defaulted each of his cognizable claims, federal habeas review is unavailable unless he demonstrates cause and prejudice, or a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750; *Lines,* 208 F.3d at 160. Reading petitioner's application liberally, it appears that he believes that the court should excuse his procedural defaults based on the Superior Court's delay in ruling on his Rule 61 motion. (D.I. 6 at 10.) Recently, the Third Circuit reiterated that an "inexcusable or inordinate delay by the state in processing claims for relief" excuses a petitioner's failure to exhaust state court remedies. *Cristin,* 281 F.3d 404, 2002 WL 276093 at *5 (quoting *Wojtczak v. Fulcomer,* 800 F.2d 353, 354 (3d Cir.1986)). The court, however, ruled that a delay of twenty-seven months in deciding a postconviction motion did not excuse a habeas petitioner's procedural defaults. *Cristin,* 2002 WL 276093 at *5.

**\*5** In the matter at hand, petitioner filed his Rule 61 motion on June 22, 1998; the Superior Court denied it on September 10, 1998. This three-month passage of time does not constitute an inordinate delay sufficient to excuse petitioner's procedural defaults.

In sum, each of petitioner's cognizable claims is procedurally barred from federal habeas review. For this reason, the court will dismiss his application for habeas relief.

V. CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

For the reasons discussed above, the court has concluded that petitioner's claims do not provide a basis for federal habeas relief. The court is persuaded that reasonable jurists would not find its assessments debatable or wrong. Petitioner, therefore, has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability is not warranted.

VI. CONCLUSION

For the reasons stated, the court will dismiss petitioner's application for a writ of habeas corpus, and will not issue a certificate of appealability. An appropriate order shall issue.

ORDER

At Wilmington, this 12th day of March, 2002, consistent with the memorandum opinion issued this same day;

IT IS HEREBY ORDERED that:

1. Petitioner Omar Devar Dorman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed, and the relief requested therein is denied.

2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

2002 WL 393105 (D.Del.)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 5
2002 WL 393105 (D.Del.)
**(Cite as: 2002 WL 393105 (D.Del.))**

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.