IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN H. HAMILTON, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. A. No. 04-1233-GMS |
| ) | |
| RICHARD KEARNEY, Warden, ) | |
| ) | |
| Respondent. ) | |

John H. Hamilton. *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for respondent.

**MEMORANDUM OPINION**

July 28, 2006
Wilmington, Delaware


SLEET, District Judge

## I. INTRODUCTION

Petitioner John H. Hamilton, Jr. ("Hamilton") was incarcerated in Delaware when he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition"). (D.I. 2.) For the reasons set forth below, the court will dismiss his petition.

## II. PROCEDURAL AND FACTUAL BACKGROUND

In 2001, Hamilton was charged with two misdemeanors: possession of cocaine and possession of drug paraphernalia. Hamilton entered the Superior Court Diversion Program in July 2001, and he was terminated from the program in July 2002. After a stipulated trial, the Superior Court found Hamilton guilty of the two drug charges. The Superior Court immediately sentenced him to two years of incarceration at Level V, suspended for one year at a Level IV residential substance abuse treatment program which, in turn, was suspended after successful completion for nine months of Level III aftercare.

On January 3, 2003, after holding a hearing, the Superior Court found Hamilton guilty of violating the terms of his probation. The Superior Court immediately sentenced him, as corrected, to a total of two years of incarceration, suspended after successful completion of the Level V Key Short Term Program for Level IV residential substance abuse treatment, suspended again after successful completion for twelve months at Level III aftercare. *See Hamilton v. State*, 850 A.2d 302 (Table), 2004 WL 1097703 (Del. May 12, 2004). Hamilton did not appeal his sentence or violation.

Between January 2003 and May 2003, Hamilton filed five *pro se* motions for modification of sentence. *See id.* at **1 n.1. In July 2003, Hamilton applied *pro se* for state

post-conviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion on August 6, 2003, and Hamilton did not appeal. *In re Hamilton*, 2003 WL 22853662 (Del. Super. Ct. Aug. 6, 2003).

In August 2003, Hamilton filed his second Rule 61 motion, which the Superior Court denied as procedurally barred on September 5, 2003. *State v. Hamilton*, 2003 WL 22853684 (Del. Super. Ct. Sept. 5, 2003). On appeal, the Delaware Supreme Court affirmed the Superior Court's decision. *Hamilton*, 2004 WL 1097703, at **2.

Hamilton filed his § 2254 petition on September 3, 2004, while he was still incarcerated at the Sussex Correctional Institution. (D.I. 2.) The State filed an answer, asking the court to dismiss the petition because claim one is procedurally defaulted and claims two, three, and four are moot.[1] (D.I. 11.)

## III. DISCUSSION

Hamilton asserts four claims in his petition: (1) counsel was never appointed to represent him for his termination hearing from the diversion program, his plea agreement, or for his violation of probation hearing; (2) the Superior Court violated his right against double jeopardy by failing to credit him for time served at the residential treatment program; (3) the Superior Court violated his right to due process by including the Key Program as part of his sentence; and (4) the Department of Correction removed him from the Key Program in retaliation for his filing a civil suit against the Department. (D.I. 2.)

---

[1] The issue of mootness differs from the issue of custody. Hamilton satisfies the "in custody" requirement of 28 U.S.C. § 2254 because he was "incarcerated . . . at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

2

### A. Claim one is procedurally defaulted

Absent exceptional circumstances, a federal court cannot review a habeas petition unless the petitioner has exhausted all means of available relief for his claims under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the state courts to consider it on the merits. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004)(citing *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)).

If a petitioner exhausted state remedies, but the state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but procedurally defaulted. *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Werts*, 228 F.3d at 192. A federal court cannot review procedurally defaulted claims absent a showing of cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *Lines*, 208 F.3d at 160; *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750-51. To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the

State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

In the instant situation, Hamilton exhausted claim one by presenting it to the Delaware Supreme Court on appeal of his second Rule 61 motion. *Hamilton*, 2004 WL 1097703, at \*\*2. However, the Delaware Supreme Court explicitly denied the claims as procedurally barred for being repetitive under Rule 61(i)(2) and previously adjudicated under Rule 61(i)(4). *Hamilton*, 2004 WL 1097703, at \*\*2. This court has consistently held that Delaware Superior Court Criminal Rule 61 is an independent and adequate state ground precluding federal habeas review. *See Maxion v. Snyder*, 2001 WL 848601, at \*10 (D. Del. July 27, 2001)(all sub-parts of Rule 61

constitute independent and adequate state procedural grounds); *Dawson v. Snyder,* 988 F. Supp. 783, 804 (D. Del. 1997), *rev'd on other grounds by Dawson v. Snyder,* 234 F.3d 1264 (3d Cir. 2000). Consequently, the court cannot review the merits of claim one unless Hamilton establishes cause for his procedural default and actual prejudice resulting therefrom, or that a miscarriage of justice will result in the absence of such review. *See* 28 U.S.C. § 2254(a); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan,* 953 F.2d 853, 860-61 (3d Cir. 1992).

Hamilton has not alleged any cause for his failure to appeal the denial of his first Rule 61 motion. In the absence of cause, the court does not need to address the issue of prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986). Further, because Hamilton has not presented new reliable evidence regarding his actual innocence, review of the claim is not necessary to prevent a miscarriage of justice.

Accordingly, the court is procedurally barred from reviewing claim one.

### B. Claims two, three, and four are moot

Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank, Corp.,* 494 U.S. 472, 477-78 (1990); *United States v. Kissinger,* 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. *Spencer v. Kemna,* 523 U.S. 1, 8 (1998); *see Steele v. Blackman,* 236 F.3d 130, 134 n.4 (3d Cir. 2001). However, when a

petitioner does not attack his conviction, the injury requirement is not presumed. *Chong v. District Director, INS*, 264 F.3d 378, 384 (3d Cir. 2001). "[O]nce a litigant is unconditionally released from criminal confinement, the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act," *Kissinger*, 309 F.3d at 181, "that is likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7. Consequently, in the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); *Chong,* 264 F.3d at 383-84.

Here, claims two, three, and four do not challenge Hamilton's underlying conviction. Further, the record reveals that Hamilton has been unconditionally released from incarceration, because his probation completely expired on February 7, 2005. Hamilton has not alleged, and the court cannot discern, any continuing collateral consequences stemming from claims two, three, and four that can be redressed by a favorable judicial decision in this federal habeas proceeding. *See Lane v. Williams*, 455 U.S. 624, 631, 633 (1982)("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot; . . . [t]hrough the mere passage of time, respondents have obtained all the relief that they sought . . . no live controversy remains); *Harris v. Williams*, 2002 WL 1315453, at *2 (D. Del. June 14, 2002). By failing to demonstrate continuing collateral consequences, Hamilton has failed to satisfy Article III's case-and-controversy requirement. *See Spencer*, 523 U.S. at 7; *Chong*, 264 F.3d at 383-84. Therefore, the court will dismiss claims two, three, and four as moot.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court concludes that Hamilton's petition does not warrant federal habeas relief. Consequently, Hamilton has failed to make a substantial showing of the denial of a constitutional right, and the court decline to issue a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, the court will dismiss Hamilton's petition. The court also finds no basis for the issuance of a certificate of appealability. An appropriate order will follow.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN H. HAMILTON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 04-1233-GMS |
| | ) | |
| RICHARD KEARNEY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued in this action today, IT IS HEREBY ORDERED that:

1. John H. Hamilton's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I. 2.)

2. A certificate of appealability will not be issued. *See* 28 U.S.C. § 2253(c)(2).

Dated: July 28, 2006

_____
UNITED STATES DISTRICT JUDGE